IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Barry Furscelle Britt,<br><br>       Plaintiff,<br><br>  vs.<br><br>North Charleston Police Department;<br>and PFC M. Hughes,<br><br>       Defendant. | Civil Action No. 6:08-3450-CMC-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion for summary judgment (doc. 31). The plaintiff alleges in his complaint that he was arrested without probable cause for driving under suspension. The named defendants are the North Charleston Police Department and Detective M. Hughes. The plaintiff is currently an inmate at the Charleston County Detention Center on an unrelated charge.

On March 25, 2009, the defendants filed a motion for summary judgment. By order filed March 26, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition to the motion on June 4, 2009.

**FACTS PRESENTED**

The plaintiff alleges that he was arrested without probable cause by defendant Detective Hughes of the North Charleston Police Department for driving under suspension on December 13, 2007. According to the affidavit of Hughes, on December 13th, he saw the plaintiff driving a gold Mercury Grand Marquis. Hughes was familiar with the plaintiff as

he had interacted with him on several occasions. Several days prior to this incident, the plaintiff had interacted with the plaintiff for loitering. Detective Hughes ran a driver's license and warrants check and confirmed that the plaintiff's license was under suspension (Hughes aff., ex. B). According to Hughes, the plaintiff had resisted arrest on numerous prior occasions when he had been involved. Accordingly, Hughes displayed his taser to the plaintiff and ordered that the plaintiff place his hands behind his back. The plaintiff complied, and he was placed under arrest without incident. Hughes further testified that the plaintiff did not produce a route restricted license. He advised the plaintiff at that time that if he could obtain his route restricted license and present it at the court hearing, the charge would be nol prossed.

The plaintiff was then transported the plaintiff to the North Charleston Police Department Annex and was issued a Uniform Traffic Ticket for driving under suspension. The plaintiff was assigned a court date of Wednesday, January 2, 2008. He secured a personal recognizance bond and was released. The ticket was nol prossed on December 18, 2007 (Hughes aff., ex. C).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations,

a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

In his complaint against the North Charleston Police Department and Detective Hughes, the plaintiff claims that his civil rights were violated and specifically alleges "false arrest/ threaten with bodily harm." "The Fourth Amendment prohibits law

3

enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir.1996). Conversely, "there is no cause of action for 'false arrest' under Section 1983 unless the arresting officer lacked probable cause." *See Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir.1974).

The reasonableness of a seizure under the Fourth Amendment should be analyzed from an objective perspective. *See Graham v. Connor*, 490 U.S. 386, 396-99 (1989) ("The Fourth Amendment inquiry is one of 'objective reasonableness' under the circumstances, and subjective concepts like 'malice' and 'sadism' have no proper place in that inquiry."). "Probable cause need only exist as to any offense that could be charged under the circumstances." *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3rd Cir.1994).

> Probable cause to justify an arrest arises when "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Probable cause requires more than "bare suspicion" but requires less than evidence necessary to convict. "It is an objective standard of probability that reasonable and prudent persons apply in everyday life." And when it is considered in the light of all of the surrounding circumstances, even "seemingly innocent activity" may provide a basis for finding probable cause.

*Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (internal citations omitted). In order to prove an absence of probable cause, the plaintiff "must allege a set of facts which made it unjustifiable for a reasonable officer to conclude" the plaintiff was involved in the charged offense. *Brown v. Gilmore*, 278 F.3d 362, 368 (4th Cir. 2002).

In this case, defendant Detective Hughes made contact with the plaintiff after he recognized the plaintiff driving a gold Mercury Grand Marquis. Due to a prior course of dealing between the officer and the plaintiff several days prior, the officer knew the plaintiff's

4

driver's license had been suspended, but ran a license and warrants check to re-confirm. The arrest was made incident thereto.

The plaintiff argues that when he was arrested by Detective Hughes he was in a location allowed by his route restricted privileges from the South Carolina Department of Motor Vehicles. The plaintiff has not submitted evidence of such to this court. According to Detective Hughes, the plaintiff could not present a route restricted driver's license at the time of his arrest, but he told the plaintiff that if he could obtain his route restricted license and present it at his court hearing, the charge would be dismissed. The charge was dismissed five days later.[1]

Here, the circumstances were sufficient to warrant a prudent person, or one of reasonable caution, to believe that the plaintiff was committing the offense of driving under suspension at the time Detective Hughes made the arrest. Accordingly, probable cause existed for the plaintiff's arrest, and his claims fail.

Wherefore, it is recommended that the defendant's motion for summary judgment (doc. 31) be granted.

s/William M. Catoe
United States Magistrate Judge

September 22, 2009

Greenville, South Carolina

---

[1] Detective Hughes does not specifically state in his affidavit the reason why the ticket was dismissed. However, viewing the evidence in a light most favorable to the plaintiff, the court will assume for purposes of this motion that the plaintiff was later able to provide a route restricted driver's license.

5